IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-313-D

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| ANTONIO LANARDO MITCHELL, | ) |
| | ) |
| Defendant. | ) |

On March 22, 2010, pursuant to a plea agreement [D.E. 48], Antonio Lanardo Mitchell ("Mitchell") pleaded guilty to conspiracy to distribute and possess with the intent to distribute marijuana in violation of 21 U.S.C. § 846 (count one) and possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c) (count five). See [D.E. 48, 66]. On June 24, 2010, the court held Mitchell's sentencing hearing. See Sent. Tr. [D.E. 67]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See id. 3–6; Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Mitchell's total offense level to be 19, his criminal history category to be III, and his advisory guideline range to be 37 to 46 months on count one, and 60 months consecutive on count five. See Sent. Tr. 3–6. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Mitchell to 42 months' imprisonment on count one, and 60 months' imprisonment on count five to run consecutively. See Sent. Tr. 13–20. On April 11, 2011, the United States Court of Appeals for the Fourth Circuit affirmed Mitchell's conviction and sentence. See Mitchell v. United States, 422 F. App'x 299, 300 (4th Cir. 2011) (per curiam) (unpublished).

On November 23, 2014, Mitchell moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines and requested a 30-month sentence on count one. See [D.E. 73]. Mitchell's new advisory guideline range on count one is 30 to 37 months' imprisonment, based on a total offense level of 17 and a criminal history category of III. See Resentencing Report. On November 28, 2015, Mitchell filed a memorandum in support of his motion [D.E.75].

The court has discretion to reduce Mitchell's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Mitchell's sentence, the court finds that Mitchell engaged in serious criminal behavior. See PSR ¶¶ 9–13. The criminal behavior included conspiring to distribute approximately 60 kilograms of marijuana and possessing firearms in furtherance of his drug trafficking. See id.; see also Sent. Tr. 6–20. Mitchell is also a recidivist drug dealer. See PSR ¶ 18. Nonetheless, Mitchell has taken some positive steps while incarcerated. See [D.E. 75] 5–8.

Having reviewed the entire record and all relevant policy statements, the court finds that Mitchell received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) and that further reducing Mitchell's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Mitchell's motion for reduction of sentence. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

2

In sum, the court DENIES Mitchell's motion for reduction of sentence [D.E. 73].

SO ORDERED. This \_\_\_ day of November 2016.

                                            JAMES C. DEVER III
                                            Chief United States District Judge